# Sills Cummis & Gross
A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102**
**Tel: (973) 643-7000**
**Fax (973) 643-6500**

101 Park Avenue
28th Floor
New York, NY 10178
Tel: (212) 643-7000
Fax: (212) 643-6500

**Jason L. Jurkevich**
**Of Counsel**
**Direct Dial: 973-643-5297**
**Email: jjurkevich@sillscummis.com**

600 College Road East
Princeton, NJ 08540
Tel: (609) 227-4600
Fax: (609) 227-4646

November 15, 2017

**VIA ECF**

Hon. Ronnie Abrams, U.S.D.J.
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

> Re: *Veerappan Subramanian v. Lupin, Inc.*
>     Civ. Action No. 17-5040 (RA)

Dear Judge Abrams:

In accordance with the Case Management Plan and Scheduling Order entered September 15, 2017, the parties submit this joint status letter to advise the Court regarding the status of discovery and the parties' thoughts regarding whether a settlement conference should be scheduled at this time.

### A.  Background

As the Court may recall, this action arises out of a Purchase and Sale Agreement, as amended ("P&S Agreement") for the sale of three pharmaceutical companies -- Novel Laboratories, Inc. ("Novel"), Gavis Pharmaceuticals, LLC ("Gavis"), and VGS Holdings, Inc. -- from plaintiff and counterclaim defendant Veerappan Subramanian ("Plaintiff"), VGS Pharma, LLC, Mendham Holdings, LLC, and Govindammal Subramanian ("Counterclaim Defendants") and Anu Radha Subramanian, as NCR Seller (collectively, "Sellers") to defendant and counterclaim plaintiff Lupin Inc. ("Lupin"), and a related Escrow Agreement. Three days before a scheduled release to the Sellers of $22 million from the escrow fund established under the P&S Agreement and the Escrow Agreement, Lupin objected to the release and made an Indemnification Draw-Down Request, alleging that the Sellers had breached a number of representations and warranties in the P&S Agreement, resulting in three alleged claims for indemnification:  (i) a direct claim for damages resulting from alleged sales of product prior to closing outside the ordinary course of business; (ii) a claim for defense and indemnification with

Sills Cummis & Gross
A Professional Corporation

Hon. Ronnie Abrams, U.S.D.J.
November 15, 2017
Page 2

respect to an enforcement action brought by the State of Texas ("Texas Enforcement Action"); and (iii) a claim for defense and indemnification with respect to a lawsuit brought by another pharmaceutical company, Euticals, S.p.A. ("Euticals Action").

Plaintiff claims that Lupin's objection and Indemnification Draw-Down Request violated the P&S Agreement in several respects, and seek the release of the $22 million, plus additional damages caused by Lupin's wrongful objection and demand. Lupin denies those allegations and asserts counterclaims seeking damages and indemnification with respect to the three claims identified in its Indemnification and Draw-Down Request. Counterclaim Defendants deny those counterclaims.

Since the parties were last before the Court, the following events have taken place which bear upon the issues in this litigation:

1.  On or about October 26, 2017, the State of Texas filed a Fourth Amended Petition in the Texas Enforcement Action, which removed Gavis as a defendant in the action.

2.  In the Euticals Action, which is pending in the New Jersey Federal District Court, the Court has scheduled a settlement conference with the Honorable Douglas E. Arpert, U.S.M.J., on Tuesday, November 21, 2017. Lupin has requested that Plaintiff participate in that settlement conference. Plaintiff has agreed to do so and Judge Arpert has granted permission for same.[1] Lupin's counsel in this action has also committed to attend.

### B. Status of Discovery and Settlement/Mediation Efforts

#### 1. Plaintiff and Counterclaim Defendants

The parties exchanged interrogatories and document requests on September 27, 2017 and exchanged written responses on October 27th. Plaintiff and Counterclaim Defendants have attempted to keep discovery on track as much as possible in keeping with the fact discovery schedule set forth in the Scheduling Order. We have scheduled telephone discussions with Lupin's counsel to confer regarding status of production, search terms to be used to target relevant electronically stored information, and entry of a Stipulation and Protective Order, following which the parties would begin their respective rolling production of documents. The

---

[1] Lupin also filed a motion in the Euticals Action to assert a third-party complaint for contractual indemnification against Plaintiff and Counterclaim Defendants in that action. It is Plaintiff's and Counterclaim Defendants' position that Lupin's proposed third-party complaint in the Euticals Action would be (i) duplicative of the claim already asserted by Lupin in this action, and (ii) prohibited by the forum selection clause in the P&S Agreement. Given Plaintiff's agreement to participate in the settlement conference in the Euticals Action, Lupin has requested and Judge Arpert has granted Lupin's request to adjourn the motion return date from November 20th until December 18th.

**Sills Cummis & Gross**
A Professional Corporation

Hon. Ronnie Abrams, U.S.D.J.
November 15, 2017
Page 3

parties agreed on a Stipulation and Protective Order, which was "so ordered" by the Court on October 31, 2017. However, we have never received a response from Lupin regarding our proposed search terms.

Immediately following entry of the Stipulation and Protective Order, Plaintiff and Counterclaim Defendants advised Lupin that they were ready to begin their production of documents, and scheduled a telephone conference for Monday, November 6, 2017, to discuss production specifications of ESI, as well as to ascertain the status of Lupin's production.

Instead of discussing the timing and logistics of production, Lupin's counsel instead proposed that, rather than engaging in a full-blown production of all documents relevant to all three of the claims asserted by Lupin in the Indemnification Draw-Down Request and in its Counterclaim, Lupin instead would make a focused production only with respect to its claim for direct damages arising out of the alleged pre-Closing sales outside the ordinary course of business. According to Lupin's counsel, given the development in the Texas Enforcement Action, and the upcoming settlement conference with respect to the Euticals claim, Lupin thought it made sense for the parties to also explore at the November 21st conference whether they could resolve Lupin's remaining claim for direct damages.

Plaintiff and Counterclaim Defendants advised that they needed to know what categories of documents Lupin proposed to produce and the timing of such a production because (i) they still had no knowledge of the basis of Lupin's claim or the amount/basis of the alleged damages, and (ii) they would need sufficient time to review the production before determining whether Lupin had provided sufficient information to engage in a productive settlement dialogue. Lupin's counsel acknowledged that in order to make such a conversation productive, they would need to produce documents relevant to their claim and damages in enough time before the conference so that such documents could be reviewed and assessed and committed to quickly providing a list of the categories of documents they intended to produce.[2] Plaintiff's counsel memorialized our discussion with counsel by email on November 6th.

Lupin did not respond for over a week, and then on November 14th, Lupin's counsel indicated that they would produce (i) emails concerning Lupin's contention that sales were offered and made to customers outside of the ordinary course, and (ii) a schedule of the sales Lupin claims were made outside of the ordinary course of business. Lupin indicated that it would produce the specified categories of documents "shortly." Plaintiff and Counterclaim Defendants advised that they would need the documents by November 15 so that they could be reviewed prior to a discussion on the 21st, and also proposed one additional category, specifically

---

[2]  The parties subsequently were advised that Magistrate Judge Arpert would only address claims asserted in the Euticals Action. Consequently, Lupin revised its proposal to have the parties and their counsel meet prior to the settlement conference to have a bilateral discussion regarding settlement.

Sills Cummis & Gross
A Professional Corporation

Hon. Ronnie Abrams, U.S.D.J.
November 15, 2017
Page 4

sales figures for the products for which Lupin is claiming "outside the ordinary course sales" from July, 2015 – March 2017. We explained that this category would enable us to assess if in fact there were any losses to Lupin from alleged "stuffing."

Assuming Lupin provides the specified documents by close of business today, Plaintiff and Counterclaim Defendants will agree to meet with Lupin on November 21st, to discuss the potential for resolution of Lupin's direct damages claim.

Notwithstanding the foregoing, Plaintiff and Counterclaim Defendants are concerned that Lupin is significantly behind schedule in its review and production of documents, especially given the scheduled close of discovery on January 26, 2018. As noted above, Plaintiff and Counterclaim Defendants were prepared to make their initial production of approximately 1,500 documents within days following the entry of the Stipulation and Protective Order, and had proposed search terms to Lupin for the due diligence documents as early as October 19th, to which Lupin never responded. By contrast, it is not clear whether Lupin is at all ready to begin production of documents (other than the "targeted" discovery promised in connection with the anticipated settlement meeting). This is especially disconcerting to Plaintiff and Counterclaim Defendants, who have been deprived of $22 million for over eight months on the strength of nothing but Lupin's conclusory allegations and a lack of any reasonable detail supporting its claims or any computation of alleged damages.

While Plaintiff and Counterclaim Defendants keep an open mind with respect to anticipated settlement discussion Lupin's direct claims, they cannot help but be concerned that Lupin's proposal regarding a limited production is simply an attempt to further delay discovery and the ultimate resolution of these claims. Plaintiff's counsel expressed this concern to Lupin's counsel during the November 6th telephone conference (but, nevertheless, expressed a willingness to consider the approach proposed by Lupin to explore the potential for early resolution).

Plaintiff and Counterclaim Defendants therefore request that the Court schedule a conference with the parties at its earliest convenience following November 21st so that the parties can: (i) report to the Court regarding the outcome of the settlement conference regarding the Euticals Action and their settlement meeting regarding Lupin's direct damage claim; and (ii) in the event this action is not resolved, discuss with the Court a date certain for production of documents, and an appropriate modification to the discovery schedule that does not unduly delay the case.

    2.    <u>Lupin's Position</u>

As previously discussed, the parties exchanged interrogatories and document requests on September 27, 2017 and exchanged written responses on October 27th. In order to potentially expedite the prompt resolution of this matter, and given the above-referenced

Sills Cummis & Gross
A Professional Corporation

Hon. Ronnie Abrams, U.S.D.J.
November 15, 2017
Page 5

developments in the underlying third party action at issue in this case (*i.e.*, the Euticals case and Texas Enforcement Action), Lupin proposed that rather than engaging in a costly and full-blown production of documents, Lupin would make a focused production only with respect to its claim for direct damages arising out of the alleged pre-Closing sales outside the ordinary course of business. Lupin then proposed that the parties meet to discuss the potential resolution of this case on November 21st, to which Plaintiff and Counterclaims Defendants agreed.

Notwithstanding the foregoing, Plaintiff and Counterclaim Defendants submitted the above portion of this joint letter to Lupin at 11:00 p.m. last night expressing a new-found concern that Lupin was engaging in delay tactics. However, Plaintiff and Counterclaim Defendants' feigned "concern" is precisely the process they agreed to.

As Lupin indicated to Plaintiff and Counterclaim Defendants, and to which all parties agreed, Lupin is making a production today and will also attend both the meeting and the status conference on November 21, 2017 in New Jersey related to the underlying Euticals action, which could potentially resolve certain issues in dispute in this action. In the event these discussions are not productive, both parties will have to produce additional documents responsive to the respective requests for production. Thus, Lupin does not see any reason to burden the Court with a wholly unnecessary status conference. Nonetheless, Lupin proposes that the parties submit another letter to the Court after their informal discussions on November 21, 2017, indicating whether a settlement conference in this action would be productive.

Thank you for your consideration of this matter.

Respectfully,

*s/ Jason L. Jurkevich*

Jason L. Jurkevich

*Dylan P. Kletter*

Dylan P. Kletter, Esq.

cc:   All Counsel of Record (via ECF)