USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 1/14/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VEERAPPAN SUBRAMANIAN
*individually and as Seller Representative for VGS Pharma, LLC, Mendham Holdings, LLC and Govindammal Subramanian and Anu Radha Subramanian, as NCR Seller*,

Plaintiff,

v.

LUPIN, INC.,

Defendant.

No. 17-CV-5040 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On January 8, 2020, Plaintiff and Counterclaim Defendant Veerappan Subramanian and Counterclaim Defendants VGS Pharma, LLC, Mendham Holdings, LLC, and Govindammal Subramanian (collectively, "Sellers") filed a motion for partial summary judgment. *See* Dkt. 285. In connection with that motion, Sellers also filed 83 exhibits to the Declaration of Galit Kierkut. Dkt. 288. Sellers now seek to file under seal 74 of those 83 exhibits, as well as those portions of Sellers' Rule 56.1 statement, Sellers' memorandum of law, and the Declaration of Galit Kierkut that refer to these exhibits. Under the standard set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), this request is denied without prejudice.

It is well established that "documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Giuffre v. Maxwell*, Nos. 16-3945, 18-2868, 2019 WL 1150037, a *1 (2d Cir. Mar. 11, 2019) (quoting *Lugosch*, 435 F.3d at 121). Sellers' justification for sealing 74 of the exhibits filed in connection with their partial summary judgment motion is that these documents were designated "Confidential" by at least one of the parties, and that they "contain confidential financial, strategic

planning, and other sensitive business information." *See* Dkt. 289 at 1-2. Sellers seek to seal the entirety of these 74 exhibits, but do not identify the reasons why sealing is justified under the *Lugosch* standard. As to the other documents, Sellers seek to file redacted versions of their Rule 56.1 statement and memorandum of law, as well as the Declaration of Galit Kierkut, in order to redact those portions "that refer to the confidential information in the confidential exhibits." *Id.* at 2.

The presumption of judicial access is particularly strong on a motion for summary judgment. *See Lugosch*, 435 F.3d at 123 (noting that "the presumption [of access] is of the highest" on a motion for summary judgment, and that "documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons.") (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)). And although sealing may be appropriate with respect to certain confidential and/or business information, "the fact that the parties have designated certain documents as confidential among themselves does not mean that they have rebutted the 'strong presumption of public access to court records' that exists in federal courts." *NRW, Inc. v. Bindra*, No. 12 Civ. 8555, 2013 WL 12353961, at *1 (S.D.N.Y. Oct. 24, 2013); *see also Turner Network Sales, Inc. v. DISH Network L.L.C.*, No. 17-CV-7599 (RA), 2019 WL 147372, at *2 (S.D.N.Y. Jan. 9, 2019) (denying parties' unopposed motions to seal after "[h]aving weighed the extremely high presumption of access that attaches to these judicial documents against the important, but lesser, interests of the litigants in maintaining their competitive standing"); *City of Almaty, Kazakhstan v. Ablyazov*, No. 15-CV-5345 (AJN), 2019 WL 4747654, at *5 (S.D.N.Y. Sept. 30, 2019) ("[E]ven if material is properly designated as Confidential or Highly Confidential by a protective order governing discovery, that same material might not overcome the presumption of public access once it becomes a judicial document.") (citation omitted); *American Broadcasting*

2

*Cos., Inc. v. Aereo, Inc.*, No. 12 Civ. 1540 (AJN), 2013 WL 12338472, at *2 (S.D.N.Y. June 24, 2013) ("Nor can the parties rely on their protective order as providing a justification for their requests for documents to be filed under seal.") (citing *Lugosch*, 435 F.3d at 126).

Sellers have failed to demonstrate why sealing the 74 exhibits in their entirety, as well as the references to certain "confidential information" contained in these exhibits in the other documents, is justified. Accordingly, no later than January 28, 2020, Sellers shall provide the Court with the reasoning for why, under the standard set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), sealing is justified here. Should Sellers wish to instead submit proposed redactions more narrowly tailored to the interests they seek to protect, they shall do so no later than January 28, 2020, but they must also provide the Court with the reasoning for why such redactions are appropriate under the *Lugosch* standard.

SO ORDERED.

Dated: January 14, 2020
New York, New York

Ronnie Abrams
United States District Judge