

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __08/10/2020__

Martin C. Fojas
Tel 973.360.7900
Fax 973.295.1279
FojasM@gtlaw.com

July 10, 2020

**VIA ECF**

Hon. Katharine H. Parker, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 750
New York, New York 10007

**SO ORDERED:**

*Katharine H Parker*

HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE
**08/10/2020**

Re:   *Veerapan Subramanian v. Lupin, Inc.,*
      Civil Action No. 17-cv-5040 (RA)(KHP)

Dear Judge Parker:

This firm represents Plaintiff and Counterclaim Defendants ("Sellers") in the above-referenced action.  We write pursuant to Your Honor's individual practice rule III.d to request that the Court accept for filing under seal Sellers' unredacted letter motion to compel and certain exhibits annexed thereto.  These documents contain confidential information as previously designated by the Parties in this action.

Under the common law and First Amendment standard, documents submitted on a motion for summary judgment are afforded "a strong presumption of access."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F. Supp. 3d 110, 121 (2d Cir. 2006).  However, "[c]ourts commonly find that documents that contain 'trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like' satisfy the [*Lugosch*] sealing standard given the important privacy interests at stake." *Rensselaer Polytechnic Institute v. Amazon.com, Inc.*, 18-cv-00549 (BKS/CFH), 2019 WL 2918026, at *2 (N.D.N.Y. Jun. 18, 2019) (internal citations omitted).   In addition, proprietary business or financial information is appropriately filed under seal.  *Godson v. Eltman, Eltman & Cooper, P.C.*, 285 F.R.D. 255, 262 (W.D.N.Y. 2012); *DNC Parks & Resorts at Yosemite, Inc. v. United States*, 127 Fed. Cl. 435, 437, 440 (2016) (valuation report was appropriately sealed to avoid disclosure to competitors).

Under the *Lugosch* standard, "the privacy interests of third parties [also] carry great weight in the balancing of interests." *Dorsett v. Cty. of Nassau*, 762 F. Supp. 2d 500, 521 (E.D.N.Y.), aff'd, 800 F. Supp. 2d 453 (E.D.N.Y. 2011), *aff'd sub nom. Newsday LLC v. Cty. of Nassau*, 730 F.3d 156 (2d Cir. 2013); *see also Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 467 (S.D.N.Y. 2017) ("A party may overcome the presumption of access by demonstrating that sealing will further other substantial interests such as a third party's personal privacy interests"); *In re Newsday, Inc.*, 895

July 10, 2020
Page 2

F.2d 74, 79-80 (2d Cir. 1990) ("the privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure of the [ ] material should weigh heavily in a court's balancing equation").

Here, the redacted portion of the letter motion to compel and Exhibits G and H thereto should be filed under seal under the *Lugosch* standard because they contain details of a confidential settlement agreement in a prior lawsuit between Lupin and a third party.  Lupin has asserted throughout this litigation that this information commercially sensitive and should not be available to Lupin's competitors.

Similarly, Sellers seek to file Exhibit F to the motion, which contains an excerpt of the PSA under seal.  Lupin has previously sought and obtained the Court's leave to file the PSA under seal (*see* ECF Doc. No. 308).

Finally, Exhibits A, B, E, and I to the letter motion should be filed under seal because each contain voluminous excerpts and discussions of the content of depositions of Amy Brody and Sean Moriarty.  These deposition excerpts concern Lupin's settlement of a prior lawsuit with a third party and Lupin's assertions of privilege concerning Lupin's communications with experts.  Lupin has designated these depositions confidential in their entirety, and out of an abundance of caution, Sellers request that such information be accepted for filing under seal.

Respectfully submitted,

/s/ *Martin C. Fojas*

Martin C. Fojas

Encl.
cc: