UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VEERAPPAN SUBRAMANIAN *individually and as Seller Representative for VGS Pharma, LLC, Mendham Holdings, LLC, and Govindammal Subramanian and Anu Radha Subramanian, as NCR Seller*,

                  Plaintiff,

v.

LUPIN INC.,

                  Defendant.

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 9/29/2020

17-CV-5040 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On January 8, 2020, Plaintiff and Counterclaim Defendant Veerappan Subramanian and Counterclaim Defendants VGS Pharma, LLC, Mendham Holdings, LLC, and Govindammal Subramanian (collectively, "Sellers") filed a motion for partial summary judgment. *See* Dkt. 285. In connection with that motion, Sellers also filed a letter motion to seal, seeking to file under seal 74 of the 83 exhibits filed with the Declaration of Galit Kierkut (the "Kierkut Declaration"), as well as those portions of Sellers' Rule 56.1 statement, Sellers' memorandum of law, and the Kierkut Declaration that refer to the 74 exhibits. *See* Dkt. 289. On January 14, 2020, the Court denied Sellers' sealing request without prejudice. *See* Dkt. 293.

Sellers subsequently filed another letter motion, providing "further explanation and authority for [both] Sellers' and Lupin's request that the Court accept under seal certain documents and exhibits in connection with Sellers' Motion for Partial Summary Judgment." *See* Dkt. 296 at 1. In its second request, Sellers seek to file under seal only 22 of the previous 74 exhibits, as well

as more narrowly-tailored redactions to their Rule 56.1 statement, memorandum of law, and the Kierkut Declaration.  The Court has reviewed the proposed redactions to the memorandum of law, the Rule 56.1 statement, the Kierkut Declaration, and Exhibits 2, 9-12, 15, 22-23, 26, 36, 50, 67-75, and 81-82.  The proposed redactions to the Rule 56.1 statement, the Kierkut Declaration, and Exhibits 9-12, 15, 22-23, 26, 36, 50, 67-75, and 81-82 appear to consist of "business information . . . which, if revealed, may provide valuable insights into [Lupin's] current business practices that a competitor [might] seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (citation omitted).  Accordingly, Sellers' request to file redacted versions of the Rule 56.1 statement, the Kierkut Declaration, and Exhibits 9-12, 15, 22-23, 26, 36, 50, 67-75, and 81-82 is granted, including filing entirely under seal Exhibits 15, 22, and 26.  Sellers' request to file the entirety of Exhibit 2—the Purchase and Sale Agreement ("PSA")—under seal, however, is denied.  While the PSA may contain confidential business information, it nonetheless "lie[s] at the very heart of the litigation." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 472 (S.D.N.Y. 2017).  Accordingly, the Court denies the request to file Exhibit 2 entirely under seal.

Additionally, Sellers' request to redact portions of its memorandum of law is also denied.  It is well established that "documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Giuffre v. Maxwell*, Nos. 16-3945, 18-2868, 2019 WL 1150037, at *1 (2d Cir. Mar. 11, 2019) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)).  Indeed, the Second Circuit has made clear that the presumption of judicial access is particularly strong on a motion for summary judgment. *See Lugosch*, 435 F.3d at 123 (noting that "the presumption [of access] is of the highest" on a

motion for summary judgment, and that "documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons.") (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)); *see also Turner Network Sales, Inc. v. DISH Network L.L.C.*, No. 17-CV-7599 (RA), 2019 WL 147372, at *2 (S.D.N.Y. Jan. 9, 2019) (denying parties' unopposed motions to seal after "[h]aving weighed the extremely high presumption of access that attaches to these judicial documents against the important, but lesser, interests of the litigants in maintaining their competitive standing"). Here, Sellers have not set forth "the most compelling reasons" to overcome the presumption of public access that attaches to their memorandum of law—a brief on which the Court must rely in determining whether they are entitled to partial summary judgment.

The parties contend that portions of Sellers' memorandum of law should be redacted because they discuss "the launch strategy of a pharmaceutical product," which, if made public, "would give Lupin's competitors improper insight to its confidential marketing strategies and trade secrets with respect to the launch of a pharmaceutical product," and because other portions "relat[e] to specific terms of the confidential Euticals Action settlement." *See* Dkt. 296 at 2-3. As to the former contention, Lupin's relaunching and rebranding plan is an important aspect of the instant dispute, *see, e.g.*, Dkt. 352 (R&R) at 9-10, and therefore, absent compelling reasons, should not remain under seal. Moreover, some of the proposed redactions contained in Sellers' memorandum of law—such as the alleged $6.2 million net sales, the $50 million missed revenue projections, the $60 million escrow amount, and the $51.5 to $133.6 million amount that Lupin allegedly overpaid—were subsequently filed in unredacted form in their reply brief, *see, e.g.*, Dkt. 322 (Sellers' Reply) at 8-9, and thus are already available on the public docket. As to the assertion regarding the *Euticals* action settlement, the only redacted reference in the memorandum of law

3

involving the *Euticals* action appears to be a general description of the settlement amount, not any "specific terms." Sellers' request to file under seal portions of their memorandum of law is therefore denied.

Similarly, in connection with its opposition to Sellers' motion for partial summary judgment, Lupin filed a letter motion to seal, seeking to file under seal portions of its opposition brief and Rule 56.1 opposition statement, as well as 16 of the 53 exhibits filed with the Declaration of Dylan Kletter (the "Kletter Declaration").[1] *See* Dkt. 308. For the reasons discussed above, Lupin's sealing request is granted as to its Rule 56.1 statement and as to Exhibits 2-4, 9, 24-25, 32-36, 47, and 50-52. It is denied, however, as to its opposition brief and as to Exhibit 13, which is the PSA at the heart of this dispute. If the parties seek to file the PSA—Exhibit 2 to the Kierkut Declaration and Exhibit 13 to the Kletter Declaration—with proposed redactions, they shall do so no later than October 2, 2020, along with a letter explaining why such redactions are appropriate and narrowly tailored to the interests they seek to protect under the *Lugosch* standard.

Next, in connection with their reply brief in further support of their motion for partial summary judgment, Sellers again filed a letter motion to seal, seeking to file under seal Exhibit E to the Supplemental Declaration of Galit Kierkut (the "Supplemental Kierkut Declaration") and portions of Sellers' "Objections and Responses" to Lupin's Rule 56.1 opposition statement. Dkt. 323.[2] For the reasons discussed in connection with the exhibits and Rule 56.1 statement filed with Sellers' opening motion, this sealing request is granted.[3]

---

[1] Shortly after Lupin filed this letter motion to seal, Sellers submitted their own letter, providing further support for Lupin's request to file under seal Exhibits 34-36 to the Kletter Declaration. *See* Dkt. 316.

[2] In this letter, Sellers also state that they "seek to redact confidential information contained in their Reply Memorandum," Dkt. 323 at 1, but no portion of Sellers' reply brief is actually redacted.

[3] On September 4, 2020, Sellers' submitted a request to file under seal their "Corrected" "Objections and Responses" to Lupin's Rule 56.1 opposition statement. *See* Dkt. 356. The Corrected Objections and Responses were filed "in

Finally, Sellers seek to file portions of their objections to Magistrate Judge Parker's Report and Recommendation under seal. *See* Dkt. 356. Sellers maintain that the redacted portions of their objections "contain details of Lupin's confidential business plans and commercially sensitive financial information that should not be available to Lupin's competitors." *See id.* at 1. For the reasons discussed in the context of Sellers' memorandum of law, however, this request is denied. In addition, some of the language Sellers seek to redact in their objections, such as the $880 million purchase price, has previously been filed in unredacted form, such as in Lupin's opposition brief. *See, e.g.*, Dkt. 311 (Lupin Opp'n) at 1. Thus, Sellers' request to file portions of their objections under seal is denied.

In sum, the parties' sealing requests in connection with Sellers' motion for partial summary judgment are granted, except for their requests to file entirely under seal the PSA, as well as their requests to redact portions of Sellers' memorandum of law, Lupin's opposition brief, and Sellers' objections to the Report and Recommendation. If the parties seek to file the PSA with proposed, narrowly-tailored redactions, they shall do so no later than October 2, 2020, along with a letter explaining why such redactions are appropriate under the *Lugosch* standard. If not, the parties shall file unredacted versions of the PSA no later than October 2, 2020. Additionally, if the parties seek to file the memorandum of law, opposition brief, and/or objections with more narrowly-tailored redactions, they shall do so no later than October 2, 2020, along with their reasoning. If the parties choose to do so, they shall also make sure not to propose redactions to any portions of their briefs that are already in the public domain through other filings in this case.

---

response to Footnote 10 of Magistrate Judge Parker's Report and Recommendation, which identifie[d] a typographical error in paragraph numbering in Sellers' original submission," *see id.*, and is granted for the same reasons as above.

5

The Clerk of Court is respectfully directed to terminate the motions pending at Dkts. 289, 308, 323, and 356.

SO ORDERED.

Dated:  September 29, 2020
        New York, New York

_____
RONNIE ABRAMS
United States District Judge